IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Richard Lee Swiney,  )
    Plaintiff,  )
            )
v.  )    1:09cv926 (LMB/JFA)
            )
Bonita Badgett, R.N.,  )
    Defendant.  )

MEMORANDUM OPINION

Richard Lee Swiney, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. The matter is presently before the Court on the Motion for Summary Judgment of the sole defendant remaining in the action, Bonita Badgett, R.N., as well as defendant Badgett's motion to accept her Motion for Summary Judgment as timely filed. Defendant submitted a memorandum of law with several exhibits in support of her position, and provided plaintiff with notice and an opportunity to file responsive materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff responded by filing his own Motion for Summary Judgment with additional exhibits. For the reasons which follow, the Court will accept defendant's Motion for Summary Judgment as timely filed, and the Motion will be granted. Plaintiff's Motion for Summary Judgment will be denied.

I. Background

The following material facts are uncontested. During his incarceration at Lunenburg Correctional Center, Swiney was assigned to work in the bathroom. One night, some chemicals designed to remove mold and mildew got in Swiney's face and caused fluid to build up around one

1

of his eyes. The eye became swollen and red, and Swiney's eyesight was affected in an unspecified manner. Compl., Statement of the Claim, ¶ 6. By April, 2004, Swiney was complaining of eye problems to prison officials, and on October 11, 2004, he underwent surgery with Dr. Kenneth Morgenstern at the Medical College of Virginia, which left the eye "disfigured" and Swiney's vision unimproved. Am. Compl. at 4.[1]

Thereafter, Swiney was transferred to another prison, Bland Correctional Center. When Swiney complained of eye problems, the doctor at that institution gave him a stick with tape on it to tape his eye shut. Am. Compl. at 4. On December 12, 2007, Swiney was transferred from Bland to Deerfield Correctional Center ("Deerfield"), where he remains confined.

On May 15, 2008, Swiney requested to see an eye doctor at Deerfield. Although Swiney appeared to allege in the Amended Complaint that the request was returned to him with no response and he was not seen by an eye doctor until May 6, 2009, Am. Compl. at 1 - 2, exhibits supplied by the defendant reflect that Swiney was seen by the institutional physician on May 23, 2008, and the physician recommended that Swiney be given an appointment with an outside ophthalmologist. Badgett Aff. ¶ 4, Ex.A. However, it appears that no action was taken on the physician's request by the Virginia Department of Corrections' utilization management physician in Richmond. Badgett Aff. ¶¶ 3- 4.[2]

---

[1] Plaintiff captioned his amended complaint as a Motion for Affidavit. (Docket # 5). For ease of reference, it is denominated here as "Am. Compl."

[2] Defendant explains that during the time period relevant to plaintiff's claim, VDOC procedure required an institutional physician who wished to recommend an off-site medical consultation for an inmate to fill out a "QMC request form," which in turn would be reviewed by the utilization management physician in Richmond. The request could be approved, or the utilization management physician could require additional information or make an alternate suggestion. The QMC responses were reviewed daily, and if a request was approved, a pre-registration form would be sent to the appropriate hospital to set up an appointment, which often would not be scheduled for three to four months. If a QMC request was denied, the response would be directed to the institutional physician

2

Swiney commenced the grievance procedure on March 31, 2009, "trying to get something done about his eye." Am. Compl. at 3; Ex. A. On April 8, 2009, the institutional physician again submitted a QMC request on Swiney's behalf, which was approved. A pre-registration form requesting an appointment was sent to the Medical College of Virginia ("MCV") on May 21, 2009, and as a result Swiney was seen at MCV for his eye condition on September 16, 2009. Swiney had additional appointments including a second surgical procedure for his eye at MCV on November 9, 2009, January 29, 2010, and February 8, 2010, at which time it was noted that no further follow-up was needed. Badgett Aff., ¶ 7. However, on May 27, 2010, Swiney again reported to the Deerfield medical department with complaints of eye pain, and he was seen by the institutional physician on June 2, 2010. The physician recommended that Swiney return to MCV for evaluation, and submitted a QMC request on June 3, 2010. As a result, Swiney was seen at MCV on September 2 and again on October 22, 2010. Id.

Plaintiff initiated this action for relief under § 1983 on August 17, 2009. By Order entered September 29, 2009, Swiney was advised that he had failed to state a claim for which § 1983 relief is available, and he was allowed an opportunity to particularize and amend his allegations. Swiney also was directed to sign and return a Consent Form, to allow prison officials to deduct the statutory filing fee of $350.00 in installments from his inmate account. In response to that Order, Swiney filed an amended complaint but failed to return the Consent Form. The complaint accordingly was dismissed without prejudice, with directions that if Swiney filed the Consent Form within thirty (30) days, the case would be reopened. After receiving an extension of time to do so, Swiney submitted a properly-executed Consent Form, and the case was reopened. By Memorandum Opinion and Order entered June 1, 2010, Swiney's claims against three defendants who allegedly were responsible for

---

for his attention. Badgett Aff. ¶ 3.

causing and failing properly to treat his eye injury in 2004 were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), as time-barred. Service of the complaint was ordered on Nurse Badgett, who was the sole defendant named in connection with Swiney's allegations that the delay in treating his eye condition at Deerfield amounted to deliberate indifference to his serious medical needs.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when,

4

"the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Such a claim requires two distinct elements. First, plaintiff must allege a medical need that is sufficiently serious to warrant constitutional protection. A condition is sufficiently serious if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). "Courts consider evidence of a diagnosable eye condition to be significant in determining whether a plaintiff has alleged a serious medical condition." Flores v. New York City Health & Hospitals Corp., 2003 WL 21709512 at *3 (S.D.N.Y. July 21, 2003) (citation omitted); see, e.g., Cox v. District of Columbia, 834 F.Supp. 439, 440 (D.C. 1992) (holding glaucoma to be a serious ailment for Eighth Amendment purposes); accord, Todaro v. Ward, 565 F.2d 48 (2d Cir. 1977); Richardson v. Nassau County, 277 F.Supp.2d 196, 202 (E.D.N.Y. 2003).

The second component of an Eighth Amendment claim is satisfied if plaintiff alleges deliberate indifference to a serious medical need "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). In order to act with deliberate indifference, an official must have been personally aware of facts indicating a substantial risk of serious harm, and also must have actually

recognized the existence of such risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). Delay in providing an inmate with medically necessary surgery can amount to deliberate indifference. Webb v. Driver, 313 Fed. App'x 591 (4th Cir. 2008). However, an inadvertent failure to provide adequate medical care does not constitute an "unnecessary and wanton infliction of pain" and is not "repugnant to the conscience of mankind," and so does not amount to a violation of the Eighth Amendment, which instead requires a showing that the indifference was sufficiently egregious to offend "evolving standards of decency." Estelle, 429 U.S. at 105 - 06.

Here, defendant Badgett is entitled to the summary judgment she seeks for two reasons. First, while Swiney's eye condition apparently was sufficiently serious to fulfill the first requirement of a viable Eighth Amendment claim, there is no indication that the delay in treating that condition after Swiney arrived at Deerfield was the result of deliberate indifference. Instead, as outlined above, the uncontroverted facts demonstrate that after the institutional physician recommended on May 23, 2008 that Swiney be sent to an outside specialist, no action was taken on the physician's request until Swiney filed a grievance on March 31, 2009. From that point forward, Swiney received prompt and repeated efforts to alleviate his eye condition. Badgett Aff. ¶¶ 3- 4. Nothing in the record suggests that the ten-month delay in providing Swiney with the recommended specialist care for his eye was the result of "actual intent or reckless disregard," and appears instead to have been an inadvertent or negligent error which is not redressable under § 1983. Estelle, 429 U.S. at 105 - 06. The defendant has supplied records which demonstrate that during the ten months when Swiney was waiting for his outside ophthalmologic consultation, he was seen in the Deerfield medical unit on "a regular and frequent basis" for the treatment of bladder cancer and other issues, and on those occasions he never complained of or even mentioned the delay in his receipt of treatment for his eye problem. Badgett Aff. § 5; Ex. B. Such reticence on plaintiff's part would appear to belie any

contention that the delay in his outside treatment caused him to experience severe pain or discomfort during that period. Accordingly, the delay in providing Swiney with treatment for his eye condition following his arrival at Deerfield, while certainly unfortunate, was not sufficiently egregious to constitute a violation of his Eighth Amendment rights.

Second, even if Swiney had shown that the delay in treating his eye condition compromised his constitutional rights, he has failed to carry his burden to demonstrate that Nurse Badgett was legally responsible for that deprivation. Badgett, who is the head nurse in the medical department at Deerfield, attests that she is "not privy to the day to day operations concerning on or off-site appointments" for inmates' medical care, and she had no direct involvement in scheduling Swiney's outside health care. Badgett Aff. ¶¶ 1 - 2, 9. Badgett had no personal knowledge of any delay or failure in scheduling Swiney's eye specialist appointment until she received notice of this lawsuit, nor did she personally provide direct medical care to Swiney. Badgett Aff. ¶¶ 9 - 10. Under these circumstances, even if Swiney otherwise were entitled to § 1983 relief, Nurse Badgett could not be held liable for his claim, as Swiney has made no showing that she was personally aware of facts indicating that he faced a substantial risk of serious harm, and that she actually recognized the existence of such risk. Cf. Farmer, 511 U.S. at 838.

Swiney attempts to contradict Badgett's assertions in this regard by pointing out that he filed an informal complaint to the Medical Administrator concerning his request to see an eye doctor on March 31, 2009, see Mo. for Summ. Judg. at ¶ 3, but his argument falls short for two reasons. First, there is no reason to assume that a complaint to the Medical Administrator at Deerfield would put that institution's head nurse on notice of its contents. Second, even if it did, it is uncontroverted that Swiney was recommended for outside care on May 23, 2008, so by the time the informal complaint was filed on March 31, 2009, Swiney's asserted deprivation had been ongoing for ten months.

Under these circumstances, no material facts are genuinely disputed in this action, and the evidence as a whole could not lead a rational fact finder to rule for the plaintiff. Matsushita, 475 U.S. at 587. Accordingly, summary judgment will be entered for the defendant, and plaintiff's motion for summary judgment will be denied.

Lastly, it is noted that Swiney includes allegations in his Motion for Summary Judgment that his Eighth Amendment rights were also violated when pain medication was withheld for several days after he underwent surgery to remove bladder tumors. Because such a claim was not alleged in either the complaint or amended complaint in this action, it is outside the pleadings which framed the issues in this case and thus cannot be considered here. However, in deference to Swiney's pro se status, he is advised that he is not precluded from filing a separate § 1983 action concerning such allegations, should he wish to do so.

## IV. Conclusion

For the foregoing reasons, Badgett's Motion for Summary Judgment, as well as her Motion to Accept Motion for Summary Judgment as Timely Filed, will be granted, and final judgment will be entered in her favor. Swiney's Motion for Summary Judgment will be denied. An appropriate Order and Judgment shall issue.

Entered this 22nd day of March 2011.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge